NO. 07-10-0080-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

APRIL 1, 2010

_____

IN RE MICKEY T. BRASWELL, RELATOR

_____

ORIGINAL PROCEEDING
ON APPLICATION FOR WRIT OF MANDAMUS

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**OPINION**

By this original proceeding, Relator, Mickey T. Braswell, proceeding pro se and in

forma pauperis, seeks a writ of mandamus to compel the Honorable Richard Dambold[1]

to set aside an *Order to Withdraw Inmate Funds.* Pursuant to section 501.014(e) of the

Texas Government Code Annotated (Vernon Supp. 2009), the order directs the Texas

Department of Criminal Justice to collect $1,392.50 from Relator's trust account to pay

---

[1]Sitting by assignment in the 181st District Court of Randall County, Texas.  *See* Tex. Gov't Code Ann.
§75.002(a)(3) (Vernon 2005).

court costs, fines, and fees incurred by him in Cause Number 17,581-B, styled *The State of Texas v. Mickey Thomas Braswell*. For the reasons expressed herein, we deny Relator's request.

By his petition for writ of mandamus, Relator contends the trial court's order directing withdrawal of funds from his trust account was rendered without procedural due process. He maintains the order was not based on pleadings, nor was he given an opportunity to respond. Relator also complains that the Bill of Costs accompanying the withdrawal order, which reflects $1,392.50 is owed, does not reflect whether attorney's fees are included.

## Mandamus Standard of Review

Mandamus relief is extraordinary. *In re Southwestern Bell Telephone Co.*, *L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding.) "Mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law." *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding), quoting *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding).

## Analysis

In support of his due process argument, Relator relies on *Abdullah v. State*, 211 S.W.3d 938 (Tex.App.--Texarkana 2007, no pet.), and *In re Keeling*, 227 S.W.3d 391 (Tex.App.--Waco 2007, orig. proceeding), in which both courts found the inmates had

not been accorded due process and proper notice before funds were withdrawn from their inmate trust accounts to satisfy court costs, fines, and fees.

In *Harrell v. State*, 286 S.W.3d 315 (Tex. 2008), the Texas Supreme Court held that an order directing prison officials to withdraw money from an inmate trust account is a civil matter[2] akin to a garnishment action or an action to obtain a turnover order. *Id.* at 317-19. In determining whether Harrell was accorded due process, the Court balanced three factors discussed in *Mathews v. Eldridge,* 424 U.S. 319, 335, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), and noted that Harrell had "already received some measure of due process." *Harrell,* 286 S.W.3d at 320.

The three *Eldridge* factors considered in *Harrell* are: (1) the private interest affected by the official action, (2) the risk of an erroneous deprivation of such interests through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards, and (3) the Government's interest, including the function involved and the fiscal and administrative burdens that additional or substitute procedural requirements would entail. The Court found that private interest is easily determined--the amount owed. Regarding the risk of erroneous deprivation, the Court identified the risk as modest where withdrawal notifications under the statute are based on an amount identified in a previous court document. *See* Tex. Gov't Code Ann. § 501.014(e)(1)-(6) (Vernon Supp. 2009). The Court noted that "Harrell was . . . notified of the costs assessed when the convicting court sentenced him" and he was free to contest them at the time they were assessed. *Harrell,* 286 S.W.3d at 320. However, the

---

[2]*See Johnson v. Tenth Judicial District Court of Appeals at Waco*, 280 S.W.3d 866, 869 (Tex.Crim.App. 2008) (holding that orders directing withdrawal of funds from inmate trust accounts is not a criminal matter).

Court went on to recognize there could be a greater risk of erroneous deprivation in instances in which the amount in the withdrawal order varied from the amount in the underlying judgment or those instances where there were clerical or other errors. *Id.* In assessing the final factor, the Government's interest, the Court addressed the fiscal and administrative burdens of added or alternative procedures and concluded that the Texas Department of Criminal Justice would face expending more money than it would collect if it were required to conform to "full-blown" statutory garnishment requirements. In the Court's opinion, such a procedure might subvert the Legislature's goal of efficient cost-collection. *Id.*

Harrell had been convicted of drug charges in 1997 and 2003. In 2006, the convicting trial court signed an order authorizing the Texas Department of Criminal Justice to withdraw funds from his inmate trust account to pay for court costs and fees for appointed counsel. Harrell was provided with copies of the withdrawal orders. He then moved to rescind the orders alleging denial of due process. His motion was denied, and his direct appeal to this Court was dismissed for want of jurisdiction on the ground that no statutory mechanism was available for appealing a withdrawal order. *See Harrell v. State*, Nos. 07-06-0469-CR and 07-06-0470-CR, 2007 Tex. App. LEXIS 6416 (Tex.App.--Amarillo Aug. 13, 2007), *rev'd*, 286 S.W.3d 315 (Tex. 2008).

In reversing this Court and rendering judgment affirming the trial court's order denying Harrell's motion to rescind, the Supreme Court held that due process is satisfied if an inmate receives notice and the opportunity to be heard after funds are withdrawn. *Harrell*, 286 S.W.3d at 321. It concluded that because Harrell had received

4

notice (a copy of the withdrawal order) and an opportunity to be heard[3] (the motion to rescind), he had received all that due process required. *Id.* The Court added, "[t]he Constitution does not require pre-withdrawal notice or a comprehensive civil garnishment proceeding." *Id.*

According to the documents before us, Relator was adjudicated guilty of a criminal offense in 2006 and sentenced to five years confinement. In the underlying proceeding, Relator was represented by court-appointed counsel. Judgment was signed on November 20, 2006. On October 26, 2009, the convicting court signed an order directing the Texas Department of Criminal Justice to withdraw funds from Relator's trust account to pay court costs, fines, and fees. A Bill of Costs[4] was itemized as follows:

| | |
|---|---|
| COURT COSTS | $1,092.50 |
| FINE | $1,000.00 |
| CREDIT FOR PAYMENTS | $ 700.00 |
| TOTAL | $1,392.50 |

By letter dated February 5, 2010, Relator acknowledged receipt of the Bill of Costs but requested clarification from the Randall County Criminal Court Collections Department on whether attorney's fees were included therein. Relator also requested a

---

[3]While the court of appeals' opinion is silent on whether a hearing was held on Harrell's motion to rescind, *Harrell v. State*, 2007 Tex. App. LEXIS 6416 (Tex.App.--Amarillo, Aug. 13, 2007), we read the Supreme Court's opinion as assuming that Harrell was given "an opportunity to be heard just as happened here (via motion made by the inmate)." *Harrell,* 286 S.W.3d at 321.

[4]The Bill of Costs was verified as being accurate as of September 23, 2009. The *Order to Withdraw Inmate Funds* was originally dated September 23, 2009; however, that date was lined-out and the date of October 26, 2009, was inserted. Although the *Judgment Adjudicating Guilt* does not reflect that a fine was imposed, the Bill of Costs does reflect a fine of $1,000.00.

copy of the judgment rendered in his criminal case. In response, the Randall County District Clerk provided Relator with a more detailed Bill of Costs, dated February 8, 2010, reflecting that the "court costs" of $1,092.50 did include $800.00 in attorney's fees. The new Bill of Costs also reflected a fine of $1,000.00 and a credit of $810.00 for payments made. The District Clerk also provided Relator with a copy of the *Judgment Adjudicating Guilt* entered in Cause Number 17,581-B. The summary portion of that judgment pertaining to "Costs" was left blank and the amount of costs was not otherwise stated in the judgment. The judgment did, however, provide that the State of Texas "do have and recover of the said Defendant [Relator herein] all costs in this proceeding incurred."

## I. Due Process

The Texas Constitution provides:

No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land.

Tex. Const. art. I, § 19.[5] Inmates have a property interest in their inmate trust accounts. *See* Tex. Gov't Code Ann. § 501.015(a)(2) (Vernon Supp. 2009). *See also Reed v. State*, 269 S.W.3d 619, 625 (Tex.App.--San Antonio 2008, no pet.); *Harrell*, 286 S.W.3d at 319.

---

[5]The Texas Constitution's "due course" language and the United States Constitution's "due process" language are regarded without meaningful distinction. *University of Texas Medical School v. Than*, 901 S.W.2d 926, 929 (Tex. 1995).

## A.    Notice Satisfying Due Process

*Harrell* holds that an inmate is entitled to notice regarding withdrawal of funds from his trust account. 286 S.W.3d at 320-21. However, there is no requirement for pre-withdrawal notice. *Id.* at 321. Providing an inmate with an order of withdrawal is constitutionally sufficient notice. *Id.*

Relator was provided with a copy of the trial court's *Order to Withdraw Inmate Funds*. Thus, according to *Harrell,* he received notice sufficient to justify the requirement of due process.

## B.    An Opportunity to be Heard

In *Harrell*, the defendant filed a motion to rescind the trial court's order of withdrawal. That motion was denied. The Supreme Court found that Harrell's motion constituted an opportunity to be heard, thus satisfying the second prong of the due process analysis. In sum, the Supreme Court determined that Harrell received "some measure of due process." *Id.* at 320.

In this proceeding, there is nothing to reflect whether Relator has ever been granted the opportunity to be heard regarding the issues of either the amount of court costs (attorney's fees in particular) or his "financial resources that enable him to offset in part or in whole the costs of the legal services provided." *See* article 26.05(g), Tex. Code Crim. Proc. Ann. Art. 26.05(g) (Vernon Supp. 2009).[6] The Supreme Court's edict that neither notice nor the opportunity to be heard need occur before funds are

---

[6]Article 26.05(g) grants the trial court the authority to order reimbursement of appointed attorney's fees if the court determines that a defendant has financial resources that enable him to offset, in part or in whole, the costs of legal services provided.

withdrawn, *id.* at 321, presents a quandary for Relator. He must still avail himself of the opportunity to be heard, whether by motion in the trial court or otherwise, to challenge the propriety of, or factual basis for, the assessment of court costs, fines, and attorney's fees. Only then, can this Court determine whether Relator has been accorded "some measure of due process" sufficient to satisfy the requirements of *Harrell* and thereby satisfy the mandamus requirement of no other adequate remedy at law. On the record before us, Relator has not demonstrated that the trial court denied him due process by denying him an opportunity to make that challenge, nor has he otherwise established his entitlement to mandamus relief as the trial court followed the law in the rendering of an order of withdrawal.

## II.    Assessment of Costs and Fees

Relying on *Perez v. State*, 280 S.W.3d 886 (Tex.App.--Amarillo 2009, no pet.), Relator raises a final argument challenging the costs and attorney's fees assessed. Relator acknowledges that the 2006 judgment provides "the State of Texas do have and recover of the said Defendant all costs in this proceeding incurred." However, he points out that the judgment is silent on the amount of "Costs."

In *Perez*, this Court, relying on a "fair and plain reading" of article 26.05(g) of the Texas Code of Criminal Procedure Annotated (Vernon Supp. 2009), held there must be some evidentiary basis to support a trial court's decision to levy any fees on a defendant. Recently, the Texas Court of Criminal Appeals agreed with a similar decision of this Court and affirmed *Mayer v. State*, 274 S.W.3d 898, 901 (Tex.App.--Amarillo 2009), *aff'd*, No. PD-0069-09, 2010 Tex. Crim. App. LEXIS 100 (Tex.Crim.App.,

8

March 24, 2010).  In *Mayer*, this Court held the trial court erred in ordering reimbursement of appointed attorney's fees without evidence to demonstrate that the appellant was "able to pay" or had financial resources that would enable him to offset, in part or in whole, the costs of legal services provided to him.  274 S.W.3d at 901.

*Perez* and *Mayer* were direct appeals in which each appellant raised the issue of the sufficiency of the evidence to support an order for the reimbursement of court-appointed attorney's fees.  Unfortunately for Relator, he did not appeal at the time he was adjudicated guilty in 2006.[7]  The sufficiency of the evidence to support reimbursement is not reviewable by mandamus.[8]

## Conclusion

We conclude that by simply entering the *Order to Withdraw Inmate Funds,* the trial court did not abuse its discretion nor violate a duty imposed by law for which there is no other adequate remedy by law.  Consequently, Relator's petition for writ of mandamus is denied.

Patrick A. Pirtle
Justice

---

[7]Although the trial court's decision to adjudicate guilt was not appealable in 2006, *see* Act of May 28, 2007, 80th Leg., R.S., ch. 1308, § 5(b) 2007 Tex. Gen. Laws 4395, 4397, Relator could have raised the issue of reimbursement of court-appointed attorney's fees by direct appeal as it was unrelated to the decision to adjudicate.

[8]We recognize the difficulty Relator would have had in challenging court-appointed attorney's fees by direct appeal in 2006 when the judgment did not reflect any costs, nor did it specify a fine or an amount of attorney's fees.  We express no opinion as to whether the failure to include a fine or a specific amount of court costs, including attorney's fees, in the original judgment deprived Relator of his due process right to contest the propriety of, or factual basis for, the trial court's subsequent withdrawal order.

9