# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00795-CV

**In re Weldon Cowan**

### ORIGINAL PROCEEDING FROM BURNET COUNTY

## M E M O R A N D U M   O P I N I O N

Relator Weldon Cowan, an inmate in the Texas Department of Criminal Justice, filed a pro se petition for writ of mandamus asking this Court to compel the district judge of the 33rd Judicial District Court of Burnet County to rule on his *Motion for Speedy Trial, Alternative Motion to Dismiss*. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52. We deny the petition.

Mandamus relief is an extraordinary remedy. *In re Southwestern Bell Tel. Co.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding); *In re Braswell*, 310 S.W.3d 165, 166 (Tex. App.—Amarillo 2010, orig. proceeding). To be entitled to mandamus relief in a criminal case, a relator must establish that: (1) he has no other adequate legal remedy to redress the alleged harm, and (2) under the relevant facts and law, the act sought to be compelled is purely ministerial, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding); *State ex rel. Hill v. Court of Appeals for Fifth Dist.*, 34 S.W.3d 924, 927 (Tex. Crim. App. 2001) (orig. proceeding). An act is ministerial if it does not involve the exercise of any discretion and the relator has a clear right to

relief. *State ex rel. Hill*, 34 S.W.3d at 927; *In re Daisy*, 156 S.W.3d 922, 924 (Tex. App.—Dallas 2005, orig. proceeding). The relief sought must be clear and indisputable, such that its merits are beyond dispute. *See State ex rel. Hill*, 34 S.W.3d at 927–28; *Daisy*, 156 S.W.3d at 924.

Consideration of a request or motion that is properly filed and before the court is a ministerial act. *State ex rel. Hill*, 34 S.W.3d at 927; *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig. proceeding). To obtain mandamus relief for the trial court's refusal to rule on a motion, a relator must establish: (1) the motion was properly filed and has been pending for a reasonable time; (2) the relator requested a ruling on the motion; and (3) the trial court refused to rule. *In re Sarkissian*, 243 S.W.3d 860, 861 (Tex. App.—Waco 2008, orig. proceeding); *In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding). A relator must show that the trial court received, was aware of, and was asked to rule on the motion. *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding); *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding).

It is relator's burden to properly request and show entitlement to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); *In re Davidson*, 153 S.W.3d 490, 491 (Tex. App.—Amarillo 2004, orig. proceeding); *see Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In this regard, the relator must provide the reviewing court with a record sufficient to establish his right to mandamus relief. *See Walker*, 827 S.W.2d at 837; *Blakeney*, 254 S.W.3d at 661; *see also* Tex. R. App. P. 52.7(A) (relator must file with petition "a certified or sworn copy of every document that is material to the relator's

claim for relief and that was filed in any underlying proceeding"), 52.3(k) (specifying required contents for appendix), 52.7(a) (specifying required contents for record).

Cowan asserts in his petition that he filed his motion for speedy trial on April 18, 2012 with the Burnet County District Clerk. However, he has failed to provide this Court with a copy of his motion or any other documents to show that a properly filed motion is pending before the trial court. Consequently, there is no way for us to determine whether the motion was properly filed or, if it was, the date on which it was received by either the clerk's office or the judge. Even if we assume that the motion was properly filed on the date he claims, Cowan has not demonstrated that the motion has been brought to the trial court's attention or that the court is aware of the motion. *See Hearn*, 137 S.W.3d at 685 (simply filing matter with district clerk is not sufficient to impute knowledge of pending pleading to trial court). He has failed to provide any correspondence to the district court requesting a ruling on the motion or any other document that shows that he brought the motion to the attention of the trial court. *See Sarkissian*, 243 S.W.3d at 861 (mere filing of motion with trial court clerk does not constitute request that trial court rule on motion). Furthermore, Cowan has failed to provide anything indicating that the trial court has refused to rule on the motion.

Absent a showing that the trial court is aware of the motion, has been asked to rule on his request, and refused to do so, Cowan has not established entitlement to the extraordinary relief of a writ of mandamus. *See In re Lucio*, No. 03-12-00056, 2012 WL 593533, at *2 (Tex. App.—Austin Feb. 23, 2012, org. proceeding) (mem. op.) (mandamus relief denied because relator failed to provide copy of motion, any correspondence to district court requesting ruling on motion,

3

or anything indicating district court refused to rule on motion). Accordingly, we deny the petition for writ of mandamus.

_____

Melissa Goodwin, Justice

Before Chief Justice Jones, Justices Rose and Goodwin

Filed: December 13, 2012

4