# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-12-00802-CV

**In re Edward R. Newsome**

### ORIGINAL PROCEEDING FROM TRAVIS COUNTY

### M E M O R A N D U M   O P I N I O N

Edward R. Newsome, an inmate in the Texas Department of Criminal Justice,[1] has filed a document entitled *Motion for Leave to file the Original Application for Writ of Mandamus and Prohibition*. A motion for leave to file a petition for writ of mandamus is required when relief is sought from the court of criminal appeals. *See* Tex. R. App. P. 72.1. A motion for leave is not required for such a petition filed in an intermediate appellate court. *See* Tex. R. App. P. 52.1. An original proceeding seeking extraordinary relief in a court of appeals is commenced by the filing of a petition. *See id.* Thus, under the applicable rules, if mandamus relief is sought from an intermediate court, such as the Third Court of Appeals, a motion for leave to file the petition is unnecessary.

To the extent that Newsome's document could be read as a petition initiating an original appellate proceeding seeking extraordinary relief, *see id.*, there is simply inadequate information supplied to even begin to address the legal merits. First, Newsome does not name a

---

[1] It appears that Newsome was convicted in 1986 in Harris County of unauthorized use of a motor vehicle and received a 39-year prison sentence.

Respondent, and it is unclear from the body of the document against whom he seeks mandamus relief. Second, it is difficult to discern the precise nature of Newsome's complaint. Consequently, it is unclear what remedy or relief he seeks.

At the beginning of the document, Newsome appears to be requesting the appointment of counsel and seeking permission to appeal to this Court a *Motion for Leave to File the Original Application for Writ of Mandamus and Prohibition*. But then he mentions "a declaratory judgment and a injunction relief for disposition related to merits on all other claims." Within the document Newsome references a pending writ of habeas corpus, which apparently raises a claim of actual innocence, a motion for nunc pro tunc judgment requesting jail time credit, a motion to expunge records, a motion to set aside and quash the indictment, and an application for writ of mandamus filed in the Court of Criminal Appeals. Newsome also appears to complain about a clemency application submitted to the Texas Board of Pardons and Paroles and asserts that he filed a civil suit in Travis County seeking a hearing on his request for clemency and an injunction requiring the parole board to hold such a hearing. Newsome does not, however, supply any necessary information in the *Motion for Leave to file the Original Application for Writ of Mandamus and Prohibition* that would help us determine whether he is entitled to any mandamus relief. Nor does he attach or furnish any documents or records of proceedings.

Mandamus relief is an extraordinary remedy. *In re Southwestern Bell Tel. Co.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding); *In re Braswell*, 310 S.W.3d 165, 166 (Tex. App.—Amarillo 2010, orig. proceeding). It is relator's burden to properly request and show entitlement to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); *In re*

2

*Davidson*, 153 S.W.3d 490, 491 (Tex. App.—Amarillo 2004, orig. proceeding); *see Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In this regard, the relator must provide the reviewing court with a record sufficient to establish his right to mandamus relief. *See Walker*, 827 S.W.2d at 837; *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding); *see also* Tex. R. App. P. 52.7(A) (relator must file with petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"), 52.3(k) (specifying required contents for appendix), 52.7(a) (specifying required contents for record).

Newsome has failed to satisfy his burden and has not established entitlement to the extraordinary relief of a writ of mandamus. Accordingly, treating the document Newsome has filed as a petition for writ of mandamus, it is denied.[2]

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Rose and Goodwin

Filed: December 18, 2012

_____

[2] In the title of his document, Newsome refers to a "writ of mandamus and prohibition." A writ of prohibition issues to prevent the commission of a future act. *See In re Dacus*, 337 S.W.3d 501, 504 (Tex. App.—Fort Worth 2011, orig. proceeding) (citing *State ex rel. Wade v. Mays*, 689 S.W.2d 893, 897 (Tex. Crim. App. 1985)). Nowhere in his motion does Newsome refer to, discuss, complain about, or seek the prevention of any future act. Thus, we do not construe his document as a petition for writ of prohibition.