# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00813-CV

## In re Mario Saucedo, Sr.

## ORIGINAL PROCEEDING FROM TRAVIS COUNTY

## M E M O R A N D U M   O P I N I O N

Mario Saucedo, Sr., an inmate in the Texas Department of Criminal Justice,[1] has filed a document entitled *Motion for Leave to File the Original Application for Writ of Mandamus and Prohibition*. A motion for leave to file a petition for writ of mandamus is required when relief is sought from the court of criminal appeals. *See* Tex. R. App. P. 72.1. A motion for leave is not required for such a petition filed in an intermediate appellate court. *See* Tex. R. App. P. 52.1. An original proceeding seeking extraordinary relief in a court of appeals is commenced by the filing of a petition. *See id.* Thus, under the applicable rules, if mandamus relief is sought from an intermediate court, such as the Third Court of Appeals, a motion for leave to file the petition is unnecessary.

To the extent that Saucedo's document could be read as a petition initiating an original appellate proceeding seeking extraordinary relief, *see id.*, there is simply inadequate

---

[1] It appears that Saucedo was convicted in 2002 in Menard County of three felony offenses: two charges of aggravated sexual assault of a child for which he received two 12-year prison sentences and indecency with a child by sexual contact for which he received a 10-year prison sentence.

information supplied to even begin to address the legal merits. First, Saucedo does not name a Respondent, and it is unclear from the body of the document against whom he seeks mandamus relief. Second, it is difficult to discern the precise nature of Saucedo's complaint. Consequently, it is unclear what remedy or relief he seeks.

At the beginning of the document, Saucedo appears to be requesting permission to appeal to this Court and to transfer and expedite a "mandamus application" pending in the Fourth Court of Appeals. He then mentions "a declaratory judgment and a injunction relief for disposition related to merits on all other claims." Within the document, Saucedo references a pending 11.07 writ of habeas corpus, a motion to file a stay, a motion to extend time for reconsideration, and a motion for rehearing "against the Court of Criminal Appeals," as well as a motion for nunc pro tunc judgment requesting jail time credit, a motion to expunge records, and a motion to set aside and quash the indictment. He mentions "excessive and void" sentences, "actually [sic] innocence," and a "violation of double jeopardy." He also appears to complain about a clemency application submitted to the Texas Board of Pardons and Paroles. He further asserts that he filed a civil suit in Travis County seeking a hearing on his request for clemency and an order requiring the parole board to hold such a hearing. Saucedo does not, however, supply any necessary information in the *Motion for Leave to File the Original Application for Writ of Mandamus and Prohibition* that would help us determine whether he is entitled to any mandamus relief. Nor does he attach or furnish any documents or records of proceedings.

Mandamus relief is an extraordinary remedy. *In re Southwestern Bell Tel. Co.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding); *In re Braswell*, 310 S.W.3d 165, 166 (Tex.

2

App.—Amarillo 2010, orig. proceeding). It is relator's burden to properly request and show entitlement to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); *In re Davidson*, 153 S.W.3d 490, 491 (Tex. App.—Amarillo 2004, orig. proceeding); *see Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In this regard, the relator must provide the reviewing court with a record sufficient to establish his right to mandamus relief. *See Walker*, 827 S.W.2d at 837; *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding); *see also* Tex. R. App. P. 52.7(a) (relator must file with petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"), 52.3(k) (specifying required contents for appendix), 52.7(a) (specifying required contents for record).

Saucedo has failed to satisfy his burden and has not established entitlement to the extraordinary relief of a writ of mandamus. Accordingly, treating the document Saucedo has filed as a petition for writ of mandamus, it is denied.[2]

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Rose and Goodwin

Filed: January 3, 2013

_____

[2] In the title of his document, Saucedo refers to a "writ of mandamus and prohibition." A writ of prohibition issues to prevent the commission of a future act. *See In re Dacus*, 337 S.W.3d 501, 504 (Tex. App.—Fort Worth 2011, orig. proceeding) (citing *State ex rel. Wade v. Mays*, 689 S.W.2d 893, 897 (Tex. Crim. App. 1985)). Nowhere in his motion does Saucedo refer to, discuss, complain about, or seek the prevention of any future act. Thus, we do not construe his document as a petition for writ of prohibition.