# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00835-CV

**In re Edward R. Newsome**

### ORIGINAL PROCEEDING FROM TRAVIS COUNTY

### M E M O R A N D U M   O P I N I O N

Edward R. Newsome, an inmate in the Texas Department of Criminal Justice, has filed two documents entitled *Amended Petition to File Writ of Mandamus* and *Amended Petition in Leave to File Writ of Mandamus Rule 52.1*. Newsome previously filed a document entitled *Motion for Leave to File the Original Application for Writ of Mandamus and Prohibition* that we treated as a petition for writ of mandamus and subsequently denied. *See In re Newsome*, 2012 WL 6699025, at *1 (Tex. App.—Austin Dec. 18, 2012, orig. proceeding). Having already disposed of that petition, we construe the *Amended Petition to File Writ of Mandamus*, received after the denial of the previous petition, as a petition initiating another original appellate proceeding seeking extraordinary relief. *See* Tex. R. App. P. 52.1. Because the subsequent *Amended Petition in Leave to File Writ of Mandamus Rule 52.1* was received less than one week later and appears to attempt to supplement the *Amended Petition to File Writ of Mandamus*, we will treat both amended petitions as a single petition for writ of mandamus.

There is simply inadequate information supplied in these petitions to even begin to address the legal merits. First, Newsome names the "Board of Pardons and Paroles et. al" as the

Respondent in the style of the case, but it is unclear from the body of the documents against whom he seeks mandamus relief. Second, it is difficult to discern the precise nature of Newsome's complaint. Consequently, it is unclear what remedy or relief he seeks.

As far as we can discern, Newsome appears to raise many of the same complaints as in his previous petition but provides no additional information or records to support his request for mandamus relief.[1] Accordingly, we do not again address those previously raised complaints.

Newsome also objects to the trial court's order "denying relief against contempt." This appears to be based on a ruling by the district judge of the 179th Judicial District Court of Harris County. There is no indication when such ruling was made. In addition to mentioning contempt proceedings, Newsome discusses bankruptcy proceedings and appears to complain about a "turnover over" order entered by the trial court. To the extent that Newsome seeks mandamus relief in connection with any contempt or turnover order entered by the 179th Judicial District Court, we do not have mandamus jurisdiction over the 179th Judicial District Court of Harris County. By

---

[1] Newsome does include documents that appear to be the State's responses to an application for writ of habeas corpus that Newsome apparently filed pursuant to article 11.07 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. Ann. art. 11.07 (West Supp. 2012) (providing for post-conviction relief from final felony conviction). To the extent that Newsome seeks mandamus relief in connection with an 11.07 habeas corpus application, article 11.07 vests complete jurisdiction over post-conviction relief from final felony convictions in the Texas Court of Criminal Appeals. *See id.*; *Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995); *In re Watson*, 253 S.W.3d 319, 320 (Tex. App.—Amarillo 2008, orig. proceeding). The courts of appeals have no role in criminal law matters pertaining to proceedings under article 11.07 and have no authority to issue writs of mandamus in connection with such proceedings. *See In re Briscoe*, 20 S.W.3d 196 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding); *In re McAfee*, 53 S.W.3d 715, 718 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding); *see also* Tex. Code Crim. Proc. Ann. art. 11.07, § 5. As to any relief sought in connection with an 11.07 application for writ of habeas corpus, we have no jurisdiction to grant Newsome any relief.

2

statute, this Court has the authority to issue a writ of mandamus against "a judge of a district or county court in the court of appeals district" and other writs as necessary to enforce our appellate jurisdiction. *See* Tex. Gov't Code Ann. § 22.221 (West 2004). The 179th Judicial District Court is not a district court in the Third Court of Appeals district. *See* Tex. Gov't Code Ann. § 22.201(d) (West Supp. 2012). Nor has Newsome demonstrated that the exercise of our writ power is necessary to enforce our jurisdiction.

Within his petitions, Newsome complains of his "illegal and void 39 year sentence," alludes to "prosecutorial misconduct" because his trial attorney "conspired with the state officials" at his trial and allowed perjured testimony, and claims the deprivation of his "legal rights of relief" because his appellate counsel filed a "frivolous direct appeal." He also asserts his "actually [sic] innocence" and refers to "newly discovered evidence." In addition, he appears to complain about the revocation of his parole in 2004 and the subsequent denials of parole since 2007. In his petitions, Newsome again references numerous documents, including a motion to file a stay, a motion to extend time for reconsideration, a motion for rehearing, a motion to transfer and expedite appeals, and a motion to file nunc pro tunc. He also indicates that he "refiled . . . a petition for discretionary review" with the Fourteenth Court of Appeals. Newsome does not, however, supply any necessary information in either the *Amended Petition to File Writ of Mandamus* or the *Amended Petition in Leave to File Writ of Mandamus Rule 52.1* that would help us determine whether he is entitled to any mandamus relief.

Mandamus relief is an extraordinary remedy. *In re Southwestern Bell Tel. Co.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding); *In re Braswell*, 310 S.W.3d 165, 166 (Tex.

3

App.—Amarillo 2010, orig. proceeding). It is relator's burden to properly request and show entitlement to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); *In re Davidson*, 153 S.W.3d 490, 491 (Tex. App.—Amarillo 2004, orig. proceeding); *see Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In this regard, the relator must provide the reviewing court with a record sufficient to establish his right to mandamus relief. *See Walker*, 827 S.W.2d at 837; *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding); *see also* Tex. R. App. P. 52.7(A) (relator must file with petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"), 52.3(k) (specifying required contents for appendix), 52.7(a) (specifying required contents for record).

Newsome has failed to satisfy his burden and has not established entitlement to the extraordinary relief of a writ of mandamus. Accordingly, the petition for writ of mandamus is denied.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Goodwin and Field

Filed: January 18, 2013

4