TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-12-00823-CV






In re Jesus Garcia, Jr.






ORIGINAL PROCEEDING FROM TRAVIS COUNTY





M E M O R A N D U M O P I N I O N


 Jesus Garcia, Jr., an inmate in the Texas Department of Criminal Justice, (1) has filed
a document entitled Motion for Leave to File the Original Application for Writ of Mandamus and
Prohibition. A motion for leave to file a petition for writ of mandamus is required when relief is
sought from the court of criminal appeals. See Tex. R. App. P. 72.1. A motion for leave is not
required for such a petition filed in an intermediate appellate court. See Tex. R. App. P. 52.1. An
original proceeding seeking extraordinary relief in a court of appeals is commenced by the filing of
a petition. See id. Thus, under the applicable rules, if mandamus relief is sought from an
intermediate court, such as the Third Court of Appeals, a motion for leave to file the petition
is unnecessary.

 To the extent that Garcia's document could be read as a petition initiating an original
appellate proceeding seeking extraordinary relief, see id., there is simply inadequate information
supplied to even begin to address the legal merits. First, while Garcia names the "Board of Pardons
and Paroles et. al" as the Respondent in the style of the case, it is unclear from the body of the
document against whom he seeks mandamus relief. Second, it is difficult to discern the precise
nature of Garcia's complaint. Consequently, it is unclear what remedy or relief he seeks.

 At the beginning of the document, Garcia appears to be requesting permission to
appeal to this Court an Original Application for Writ of Mandamus and Prohibition for "a
declaratory judgment and a injunction relief for disposition related to merits on all other claims." 
Within the document, Garcia references a motion to file a stay, a motion to extend time for
reconsideration, and a motion for rehearing "against the Court of Criminal Appeals," as well as a
motion to file nunc pro tunc, a motion to expunge records, and a motion to set aside and quash the
indictment. He complains about his "illegal and void life sentence" and "hearsay evidence in
violation of double jeopardy," and mentions "newly discovered evidence" and his "actually [sic]
innocence." He also appears to complain about a clemency application submitted to the Texas Board
of Pardons and Paroles. He further asserts that he filed a civil suit in Travis County seeking a
hearing on his request for clemency and an order and a temporary injunction requiring the parole
board to hold such a hearing. Garcia does not, however, supply any necessary information in the
Motion for Leave to File the Original Application for Writ of Mandamus and Prohibition that would
help us determine whether he is entitled to any mandamus relief. Nor does he attach or furnish any
documents or records of proceedings.

 Mandamus relief is an extraordinary remedy. In re Southwestern Bell Tel. Co.,
235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding); In re Braswell, 310 S.W.3d 165, 166 (Tex.
App.--Amarillo 2010, orig. proceeding). It is relator's burden to properly request and show
entitlement to mandamus relief. Walker v. Packer, 827 S.W.2d 833, 837 (Tex. 1992); In re
Davidson, 153 S.W.3d 490, 491 (Tex. App.--Amarillo 2004, orig. proceeding); see Barnes v. State,
832 S.W.2d 424, 426 (Tex. App.--Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se
applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). 
In this regard, the relator must provide the reviewing court with a record sufficient to establish his
right to mandamus relief. See Walker, 827 S.W.2d at 837; In re Blakeney, 254 S.W.3d 659, 661
(Tex. App.--Texarkana 2008, orig. proceeding); see also Tex. R. App. P. 52.7(a) (relator must file
with petition "a certified or sworn copy of every document that is material to the relator's claim for
relief and that was filed in any underlying proceeding"), 52.3(k) (specifying required contents for
appendix), 52.7(a) (specifying required contents for record).

 Garcia has failed to satisfy his burden and has not established entitlement to the
extraordinary relief of a writ of mandamus. Accordingly, treating the document Garcia has filed as
a petition for writ of mandamus, it is denied. (2)


 __________________________________________

 J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Goodwin and Field

Filed: January 18, 2013
1. It appears that Garcia was convicted in 2007 in Taylor County of the felony offense of
indecency with a child by sexual contact for which he received a life sentence.
2. In the title of his document, Garcia refers to a "writ of mandamus and prohibition." A
writ of prohibition issues to prevent the commission of a future act. See In re Dacus,
337 S.W.3d 501, 504 (Tex. App.--Fort Worth 2011, orig. proceeding) (citing State ex rel. Wade
v. Mays, 689 S.W.2d 893, 897 (Tex. Crim. App. 1985)). Nowhere in his motion does Garcia refer
to, discuss, complain about, or seek the prevention of any future act. Thus, we do not construe his
document as a petition for writ of prohibition.