# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-13-00106-CV

In re Jerry Wayne Johnson

ORIGINAL PROCEEDING FROM TRAVIS COUNTY

## M E M O R A N D U M   O P I N I O N

Jerry Wayne Johnson has filed a pro se petition for writ of mandamus asking this Court to vacate a trial court order issued in connection with a court of inquiry proceeding. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); Tex. R. App. P. 52.

According to his petition, Johnson was a witness in a proceeding styled "In the Matter of a Court of Inquiry," cause number D-1-DC-08-100051, in the 299th Judicial District Court of Travis County. That proceeding resulted in a trial court opinion and order concluding that Tim Cole was innocent of the aggravated sexual assault for which he was convicted in 1986 in Lubbock County.[1] The opinion and order states, among other things, that Johnson, who is serving life sentences for other aggravated sexual assault crimes, came forward in 1995 and said that he committed the crime for which Cole was convicted. The opinion and order also reflect that Johnson,

---

[1] Initially, we observe that Johnson has failed to provide a certified copy of the opinion and order about which he complains. *See* Tex. R. App. P. 52.7(a) (relator must file with petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"). Although he provides a copy of the opinion and order as an attachment to his petition, it has no file-mark showing it was filed with the district clerk.

represented by counsel at this proceeding, "freely confessed his guilt" of that offense when he testified. Johnson now seeks to have that opinion and order vacated in this mandamus proceeding.[2] We deny the petition.

To be entitled to mandamus relief in a criminal proceeding, a relator must show: (1) that he has no adequate remedy at law, and (2) that what he seeks to compel is a ministerial act, not involving a discretionary or judicial decision. *In re State ex rel. Weeks*, Nos. AP-76,953 & AP-76,954, 2013 WL 163460, at *3 (Tex. Crim. App. Jan. 16, 2013) (orig. proceeding); *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). If the relator fails to satisfy either prong, relief should be denied. *State ex rel. Young*, 236 S.W.3d at 210.

In his petition, Johnson indicates that he seeks relief from "the trial court's judicial finding that he is guilty of committing a criminal offense of aggravated sexual assault."[3] A review of the petition reveals that it is nothing more than another attempt by Johnson to appeal the complained-of order, this time in an original proceeding. Although he asks this Court to issue a writ of mandamus, Johnson does not seek to compel a ministerial act. In fact, he does not seek to compel

---

[2] Johnson was not a party to cause number D-1-DC-08-100051. He was merely a witness in the proceeding. Although the opinion and order suggest that Johnson is guilty of the offense for which Cole was convicted, it does not constitute a judgment of conviction. Accordingly, this Court previously held that Johnson had no right of appeal from the opinion and order resulting from that proceeding and dismissed his appeal. *See Johnson v. State*, No. 03-09-00229-CR, slip op. at 1-2 (Tex. App.—Austin June 4, 2009, no pet.) (mem. op., not designated for publication), *available at* http://www.search.txcourts.gov/SearchMedia.aspx?MediaVersionID=237a8853-fd73-4c22-bf6a-94a9e01b2cbc&coa=coa03&DT=Opinion&MediaID=a5c5a01f-acb4-4a68-b141-4a6a29cedf23.

[3] Again, we note that Johnson was not a party to the underlying proceeding and thus he is not a party to the opinion and order.

any act at all. Rather, Johnson asks us to make a judicial determination that the underlying court of inquiry proceeding was illegal, to find that the trial court was without authority to issue the resulting opinion and order, and, accordingly, to vacate the trial court's order.

Mandamus relief is an extraordinary remedy. *In re Southwestern Bell Tel. Co.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding); *In re Braswell*, 310 S.W.3d 165, 166 (Tex. App.—Amarillo 2010, orig. proceeding). It is the relator's burden to properly request and show entitlement to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); *In re Davidson*, 153 S.W.3d 490, 491 (Tex. App.—Amarillo 2004, orig. proceeding); *see Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks.").

We hold that Johnson has not satisfied the ministerial-act requirement necessary to obtain mandamus relief because he does not seek to compel a ministerial act.[4] Accordingly, we deny Johnson's petition for writ of mandamus.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Goodwin and Field

Filed: March 13, 2013

_____

[4] Because the failure to establish this requirement is dispositive, we need not address whether the underlying court of inquiry proceeding that Johnson complains of correctly followed the statutory procedure set forth in chapter 52 of the Texas Code of Criminal Procedure, whether the proceeding the trial court convened was authorized, or whether the opinion and order issued by the trial court resulted from a valid exercise of the court's authority.