

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-13-0072-CV

_____

## IN RE PAUL THOMAS GERIK, RELATOR

Original Proceeding Arising From Proceedings Before the 181ˢᵗ District Court
Randall County, Texas
Trial Court No. 22,925-B, Honorable John Board, Presiding

March 22, 2013

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Relator, Paul Thomas Gerik, proceeding *pro se* and *in forma pauperis*, seeks a writ of mandamus to compel the Honorable John Board to enforce this Court's *Order of Abatement* issued December 20, 2012, in *Gerik v. State*, 2012 Tex. App. LEXIS 10591 Tex.App.—Amarillo Dec. 20, 2012, no pet.).   For reasons expressed herein, we deny mandamus relief.

Relator was convicted of burglary of a habitation, enhanced, and on August 8, 2012, he was sentenced to ninety-nine years confinement. An appeal from that conviction is pending in this Court in *Gerik v. State*, No. 07-12-0360-CR. Per the Bill of Costs, he was assessed $299 in legislatively mandated costs and fees. On November 6, 2012, the trial court signed an *Order to Withdraw Funds* authorizing the Texas Department of Criminal Justice to begin withdrawing funds from Relator's inmate account to satisfy the costs and fees owed. Relator appealed the *Order to Withdraw Funds* and that appeal is pending in *Gerik v. State*, No. 07-12-0452-CV. By the *Order of Abatement* issued on December 20th, this Court abated that appeal for 180 days to allow Relator an opportunity to challenge the statutory basis and amount of sums assessed in the *Bill of Costs* to satisfy the due process requirements discussed in *Harrell v. State*, 286 S.W.3d 315 (Tex. 2009).

MANDAMUS STANDARD OF REVIEW

Mandamus relief is extraordinary. *In re Braswell*, 310 S.W.3d 165, 166 (Tex.App.--Amarillo 2010, orig. proceeding) (citing *In re Southwestern Bell Telephone Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding)). A mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding), quoting *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding). To show entitlement to mandamus relief, a relator must satisfy three requirements: (1) a legal duty to perform; (2) a demand for

performance; and (3) a refusal to act. *Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex. 1979).

ANALYSIS

An *Order to Withdraw Funds* may be challenged by way of a motion to modify, correct or rescind the order. *See Snelson v. State*, 326 S.W.3d 754, 756 (Tex.App.—Amarillo 2010, no pet.); *Williams v. State*, 322 S.W.3d 301 (Tex.App.—Amarillo 2010, no pet.). According to Relator's petition, the only motion he has filed in the trial court is a motion to enforce our abatement order. Relator misunderstands the purpose of our order. As stated above, the abatement order merely suspends the appeal for 180 days to allow Relator the opportunity to challenge the withdrawal order. Our abatement order in no way directs the Texas Department of Criminal Justice to cease withdrawing funds from Relator's inmate account.

From the limited documents filed in this proceeding, it does not appear that there is a pending motion in the trial court challenging the *Order to Withdraw Funds*. Thus, Judge Board has no legal duty to perform at this time. Consequently, mandamus will not lie.

Accordingly, the petition for writ of mandamus is denied.

Per Curiam

3