

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

———————————————

No. 07-15-00209-CV

———————————————

IN RE STEVEN EDWARD BOYD, RELATOR

Original Proceeding
Arising from Proceedings Before the 47th District Court
Randall County, Texas
Trial Court No. 24,143-A; Honorable Dan Schaap, Presiding

July 10, 2015

## MEMORANDUM OPINION ON ORIGINAL PROCEEDING

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Relator, Steven Edward Boyd, proceeding *pro se* and *in forma pauperis*, seeks a writ of mandamus to compel the Honorable Dan Schaap to declare void the judgment in trial court cause number 24,143-A in which Relator was convicted of robbery. He also asserts the trial judge had a ministerial duty to suppress evidence in his robbery case because the State failed to meet its burden of proof. For the reason expressed herein, we deny Relator's request for mandamus relief.

After Relator was convicted of robbery, he executed a *Trial Court's Certification of Defendant's Right of Appeal* acknowledging that he waived his right of appeal. The certification was also signed by his trial counsel.[1] The certification notwithstanding, he filed a *pro se* notice of appeal raising numerous complaints. Based on the certification, on August 1, 2014, this court dismissed Relator's direct appeal. *See Boyd v. State*, No. 07- 14-00245-CR, 2014 Tex. App. LEXIS 8445, at *1-2 (Tex. App.—Amarillo Aug. 1, 2014, no pet.) (mem op., not designated for publication). *See also* TEX. R. APP. P. 25.2(d). On rehearing, this court addressed Appellant's contention that he retained the right to appeal the trial court's denial of his pretrial motion to suppress—concluding that Relator's waiver of his right to appeal foreclosed any review of that issue. *Boyd v. State*, No. 07-14-00245-CR, 2014 Tex. App. LEXIS 9377, at *2-3 (Tex. App.—Amarillo Aug. 22, 2014, on reh'g).

### MANDAMUS STANDARD OF REVIEW

Mandamus relief is extraordinary. *In re Braswell*, 310 S.W.3d 165, 166 (Tex. App.—Amarillo 2010, orig. proceeding) (citing *In re Southwestern Bell Telephone Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding)). Mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding) (quoting *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding)). To show entitlement to mandamus relief, a relator must satisfy three requirements: (1) a legal duty to perform; (2) a demand for

---

[1] The record reflects Appellant entered a plea of guilty to the offense of robbery in exchange for a recommended sentence of 30 years and dismissal of another charge pending in trial court cause number 24,142-A. As a part of that plea-agreement, Appellant waived his right to appeal.

performance; and (3) a refusal to act. *Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex. 1979).

In a criminal case, the "normal method" for challenging pretrial orders is through appeal. *Dickens v. Second Court of Appeals*, 727 S.W.2d 542, 550 (Tex. Crim. App. 1987). Relator had an adequate remedy at law to complain of the trial court's suppression ruling but chose to waive that right.[2] Relator cannot now contest the lawfulness of the search of his vehicle that resulted in his arrest and conviction *via* a petition for writ of mandamus.

Relator's contention that the trial judge had a ministerial duty to suppress evidence in his robbery case has no merit. Under no circumstances may an appellate court tell a trial judge what his decision should be in a discretionary matter. *See In re Shredder Co.*, 225 S.W.3d 676, 680 (Tex. App.—El Paso 2006, orig. proceeding). *See also In re Layton*, No. 07-10-00330-CV, 2010 Tex. App. LEXIS 7418, at *2 (Tex. App.—Amarillo Sept. 8, 2010, orig. proceeding) (mem op., not designated for publication) (concluding that dissatisfaction with a trial judge's discretionary ruling is not the proper subject of a mandamus proceeding but may be remedied by ordinary appeal).

Additionally, although Relator's petition satisfies many of the requirements of Rule 53.2 of the Texas Rules of Appellate Procedure, he has not included copies of the judgment or suppression order that are the basis of his request for mandamus relief. Relator's *pro se* status does not exempt him from complying with rules of procedure.

---

[2] Relator entered into a plea bargain from which he had no right to appeal the robbery conviction.

*See Pena v. McDowell*, 201 S.W.3d 665, 667 (Tex. 2006); *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978).

**CONCLUSION**

Consequently, Relator's request for mandamus relief is denied.


Patrick A. Pirtle
Justice