

In The

# Court of Appeals
## Seventh District of Texas at Amarillo

_____

No. 07-16-00297-CR
_____

IN RE PHILLIP LEO TORRES, JR., RELATOR

Original Proceeding
Arising Out of Proceedings before the 100th District Court
In and For Hall County, Texas
Trial Court No. 3616; Honorable Stuart Messer, Presiding

August 18, 2016

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Relator, Phillip Leo Torres, Jr., proceeding *pro se* and *in forma pauperis*, seeks a writ of mandamus to compel the Honorable Stuart Messer to rule on his writ of habeas corpus filed pursuant to article 11.072 of the Texas Code of Criminal Procedure.[1] For the reasons explained herein, we deny Relator's petition.

---

[1] Article 11.072, entitled "Procedure in Community Supervision Case," establishes the procedures for an application for a writ of habeas corpus in a felony or misdemeanor case in which the applicant seeks relief from an order or judgment of conviction ordering community supervision. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072 (West 2015).

BACKGROUND

In June 2012, Relator was placed on deferred adjudication community supervision for a term of eight years for an aggravated assault committed against Dillon Carston Guy. Several months later, the State moved to proceed to an adjudication of guilt based on the alleged commission of a new offense. At a hearing held December 5, 2012, the trial court found the State's allegation to be true, adjudicated Relator guilty of the original offense, and sentenced him to twenty years confinement. After the Texas Court of Criminal Appeals granted Relator an out-of-time appeal,[2] this court affirmed the trial court's judgment.[3]

In March 2016, Relator sought and was denied mandamus relief regarding an application for writ of habeas corpus pending in the trial court. Relief was denied for failure to comply with applicable rules of procedure. *In re Torres*, No. 07-16-00112-CR, 2016 Tex. App. LEXIS 2868 (Tex. App.—Amarillo March 18, 2016, orig. proceeding) (mem. op., not designated for publication). Now pending is a subsequent request for mandamus relief by which Relator asserts that the trial court has still failed to rule on his pending application.

MANDAMUS STANDARD OF REVIEW

Mandamus relief is extraordinary. *In re Braswell*, 310 S.W.3d 165, 166 (Tex. App.—Amarillo 2010, orig. proceeding) (citing *In re Southwestern Bell Telephone Co.*,

---

[2] *Ex parte Torres*, No. WR-79,218-01, 2016 Tex. Crim. App. Unpub. 809 (Tex. Crim. App. July 24, 2013).

[3] *Torres v. State*, No. 07-13-00332-CR, 2014 Tex. App. LEXIS 13404 (Tex. App.—Amarillo Dec. 15, 2014, pet. ref'd) (mem. op., not designated for publication).

*L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding)). "Mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law." *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding) (quoting *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding)). To show entitlement to mandamus relief, a relator must satisfy three requirements: (1) a legal duty to perform; (2) a demand for performance; and (3) a refusal to act. *Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex. 1979).

ANALYSIS

In his current petition, Relator avers that he mailed the clerk on or about March 22, 2016, and that, in return, he received notice that his application for writ of habeas corpus was filed on March 30, 2016. Relator does not explain whether the clerk of the court assigned the case a "file number ancillary to that of the judgment of conviction." *See* TEX. CODE CRIM. PROC. ANN. art. 11.072, § 4(b) (West 2015). Nor does he allege that he served a copy of the application on the attorney representing the state. *Id.* at § 5(a) (providing that "[i]mmediately on filing an application, the applicant shall serve a copy of the application on the attorney representing the state, by either certified mail, return receipt requested, or personal service"). Also lacking is any explanation of whether the state filed a timely answer. *Id.* at § 5(c) (providing that "the state may not file an answer after the 30th day after the date of service," except for good cause shown. Without proof that the application was served on the attorney representing the state, we have no way of determining when the trial court would be required to rule. *Id.* at § 6(a) (providing that "[n]ot later than the 60th day after the day on which the state's

3

answer is filed, the trial court shall enter a written order granting or denying the relief sought in the application").  Finally, Relator has totally failed to make any averment as to how or when he called the failure to enter a ruling to the attention of the trial court.

As we stated in our opinion denying Relator's prior petition for mandamus relief, "[a]lthough we are not unsympathetic to the plight of an inmate's *pro se* status, it does not exempt him from complying with rules of procedure."  *In re Torres*, No. 07-16-00112-CR, 2016 Tex. App. LEXIS 2868, at *3.

CONCLUSION

Relator's request for mandamus relief is denied.

Per Curiam

Do not publish.