

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-21-00302-CR

IN RE JESUS GONZALEZ, RELATOR

ORIGINAL PROCEEDING

January 4, 2022

## MEMORANDUM OPINION

**Before QUINN, C.J., and PARKER and DOSS, JJ.**

Pending before the Court is the pro se petition for writ of mandamus filed by Jesus Gonzalez. As best we can determine, he seeks to modify a prior final judgment and order of withdrawal from his inmate trust account. Modification of the judgment entails redaction from it of an order directing him to pay attorney's fees. Those fees were incurred by legal counsel allegedly appointed to assist him while being prosecuted for driving while intoxicated. The order to withdraw funds permitted removal of sums from relator's inmate account to satisfy the cost of his court-appointed attorney. Both the judgment and order were signed by the trial court on July 20, 2017. Gonzalez requests that "[b]ecause the trial court abused its discretion in ordering [him] to pay court appointed attorney fees without first finding him able to pay, and because the withdrawal order is void due to not first finding him able to pay pursuant to 26.05(g); Code of Criminal Procedure," we should

"grant this Petition for Writ of Mandamus declaring the attorney's fees unconscionable and invalid under Texas law." We deny the petition for several reasons.

First, a relator is obligated to accompany his petition with documents "showing the matter complained of." TEX. R. APP. P. 52.3(k)(1)(A). Underlying relator's complaint is the trial court's purported failure to comply with § 26.05(g) of the Texas Code of Criminal Procedure. According to it, "[i]f the judge determines that a defendant has financial resources that enable the defendant to offset in part or in whole the costs of the legal services provided to the defendant . . . the judge shall order the defendant to pay during the pendency of the charges or, if convicted, as a reimbursement fee the amount that the judge finds the defendant is able to pay." *Id.* Deciding if the trial court at bar ordered payment of attorney's fees in contravention of § 26.05(g) necessarily requires perusal of the clerk's and reporter's records developed during relator's change of plea hearing. Simply put, and unless the parties stipulated to the matter, determining whether the trial court made the requisite § 26.05(g) finding can only be assessed by reviewing those records. Consequently, they would be necessary within the scope of Rule 52.3(k)(1)(A), and relator did not provide them. Nor do we have a stipulation from the parties confirming noncompliance with § 26.05(g). Relator has failed to provide us with a mandamus record sufficient to enable us to address his § 26.05(g) complaint.

Second, relator urges that the trial court lacked sufficient "evidentiary basis to levy court appointed attorney fees." We have previously held that such sufficiency complaints are "not reviewable by mandamus." *In re Braswell,* 310 S.W.3d 165, 170 (Tex. App.—Amarillo 2010, orig. proceeding).

Lastly, relator complains about the trial court's purported delay in acting or its refusal to act upon a pending motion to vacate the withdrawal order and modify its judgment. Nothing within the limited record before us establishes that the motion was presented to the court or the court otherwise knew of the motion. Such flaw in the record is fatal to relator's attempt at securing relief. In *In re Chavez* we said: "[A] trial court cannot be found to have abused its discretion until the complainant establishes that the court 1) had a legal duty to perform a non-discretionary act, 2) was asked to perform the act, and 3) failed or refused to do so." 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding). Furthermore, a complaint criticizing alleged inaction of a court upon a pending motion "would necessarily require [the complainant] to illustrate that the trial court was aware of the motion." *Id.* at 228. Merely filing the motion with the court's clerk did not alone illustrate the court garnered the requisite knowledge or awareness. *Id.* Again, the record fails to illustrate that the trial court knew of relator's motion.

The petition for writ of mandamus is denied.

Per Curiam

Do not publish.